(Cuyahoga County, O., Common Pleas.)

THE GENERAL ELECTRIC COMPANY v. THE LIMA ELECTRIC RAILWAY COMPANY ET AL., and W. W. HAZARD.

---

A non-resident corporation making sales in this state while engaged in inter-state commerce, is not required by Sec. 148c. Rev. Stat., to secure a certificate from the Secretary of State before it can sue in an Ohio court on a business transaction done in this state, and in its petition in such a suit is not required to aver that it is not a foreign corporation such as is required to comply with that statute.

(Decided March 11, 1897.)

---

DISSETTE, J.

The plaintiff, The General Electric Company, brings its two separate actions against The Lima Electric Railway Company et al.

and W. W. Hazard, respectively. It alleges that it is a corporation organized and existing under the laws of the state of New York, and it sets up certain promissory notes as its cause of action, made in Cleveland by the defendant, and payable at the office of the plaintiff in Schenectady, New York, and asks judgment for the same.

The defendant, Hazard, who is a defendant also in the other action, demurs to the petitions of plaintiff on the ground that the same do not state facts sufficient to constitute causes of action against him; and he says that under the act of the legislature passed May 16th, 1894, foreign corporations are required to do certain things before they are entitled to maintain their action in the state of Ohio; and that the plaintiff must comply with the requirements of that statute, or that the petition must allege that it is not one of the foreign corporations which, by that statute, is required to do the things therein prescribed; that the petition is defective on its face, because while it alleges that it is a foreign corporation, it does not either say that it has complied with the requirements of said law, nor does it say that it is not such a corporation as is required by that statute to comply with the provisions of the same; and, therefore, that the petition is defective and does not state facts sufficient to constitute a cause of action. Referring to this statute, 91 Ohio Laws, 272, we find that it describes the terms which foreign corporations are required to comply with, and what not; and that it says that:

"No foreign corporation, subject to the provisions of this statute, shall maintain any action in this state upon any contract made by it in this state after the time fixed by this act for the compliance by such corporations with its requirements, until it shall have complied with the requirements of this act, and procured the requisite certificate from the secretary of state."

What, then, are the corporations that are required to comply with the provisions of this act and secure certificates from the secretary of state? Section 148c reads:

"Every foreign corporation, incorporated for the purposes of profit, now or hereafter doing business in this state, and owning or using a part of all of its capital or plant in this state, shall, etc., * * * file with the secretary of state a statement, in such form as the secretary of state may prescribe, containing the following facts:

"First. The number of shares of authorized capital stock of the company, and the par value of each.

"Second. The name and location of the office or officer of the company in Ohio, and the name and address of the officers or agents of the company in charge of its business in Ohio.

"Third. The value of the property owned and used by the company in Ohio, where situated, and the value of the property of the company owned and used outside of Ohio.

"Fourth. The proportion of the capital stock of the company which is represented

by property owned and used, and by business transacted in Ohio.''

And then, further along, in a clause which excludes certain corporations from the provisions of this act, it says:

"Provided this section shall not apply to foreign insurance, banking, savings and loan, or building and loan companies, or to express, telegraph, telephone, railroad, sleeping car, transportation and other corporations engaged in Ohio interstate commerce business; or to foreign corporations, entirely non-resident, soliciting business, or making sales, in this state by correspondence or by traveling salesmen.''

Now, evidently the purpose of this statute was just as it is herein expressed, to require foreign corporations owning or using a part of its capital or plant in this state, to do certain things, to furnish to the secretary of state certain information with reference to its capital stock and its number of shares and the par value of the same, the name and location of its office or offices in Ohio, the name and address of its officers or agents in charge of its business in Ohio, the value of the property owned and used by the company in Ohio, where that property is situated, and then the value of the property of the company outside of Ohio, and the proportion of the capital stock of the company represented by the property owned and used by the business transacted in Ohio, and this for the purpose of enabling the secretary of state to charge the proper fee for the franchises enjoyed by these foreign corporations in Ohio; so that foreign corporations should not have a superior advantage to the corporations of our own state; that they should not bring their capital here and use it; bring their plant here and use it; making money and profit within the borders of our state without paying into the state a fee which would be equal to the fee required by similar corporations formed under the laws of Ohio; and any such corporation that fails to do this, is deprived of the privilege of maintaining any action in this state upon any contract made by it in this state. This statute fairly excludes from its operation foreign corporations located without the state, with their capital and plants in another state, and entirely non-resident, and who solicit business or make sales in this state by correspondence or by traveling salesmen. It does not and was not intended to impair the right of such non-resident corporations to do business in this state, to maintain actions within this state, to recover for sales made or property disposed of within this state. They are not included within this statute at all; and the right which always has existed for such corporations to maintain actions in the courts of this state was not interfered with by this act, and still exists. They are not such corporations as are affected by the provisions of this act, and are not in any way subject to its penalties, and the passage of this act imposed no burden upon them whatever. They are not required, therefore, to allege or prove,

for the purpose of maintaining an action like the one at bar, that they have complied with the requirements of this statute, or that they are not required by law to comply with its requirements. There is nothing in the petitions in these cases, that indicates that the plaintiff is such a foreign corporation as is included in the provisions of this act. Nothing apparent from the pleadings.

The demurrer, therefore, in each of these cases, is overruled.

Kline, Carr, Tolles & Goff, for Plaintiff.
Burke & Ingersoll, for Defendants.